NEW -YORK,
May, 1821.

JACKSON
v.
How.

JACKSON, *ex dem.* YATES, *against* How.

The act of the 14th of *April*, 1820, (Sess. 43, ch. 248. sect. 3.) relative to deeds given for military bounty lands, does not prohibit the reading in evidence a deed executed prior to *May* 1, 1797, duly recorded according to the provisions of the act of the 12th of *April*, 1813. Sess. 36. ch. 97. (1 *N.R.L.* 369.) or the exemplification of the record of a deed so recorded.

The only operation of that section of the act, taken in connection with the act of the 4th of *February*, 1814. (Sess. 37. ch. 6.) is to prevent the reading in evidence a deed not recorded, though it may have been duly proved or acknowledged, according to existing laws, but which the party had neglected to have recorded in due season.

EJECTMENT for lot No. 11 in *Junius*, tried at the *Seneca* Circuit, in *June*, 1820, before Mr. Justice *Van Ness.* The plaintiff gave in evidence the exemplification of a patent to Lieut. Col. *Lewis Atayaghrongton*, for the premises in question, dated *January* 29, 1791 ; and an exemplification of the record of a deed from the patentee to *Cornelius A. Van Slyck,* with covenants of seizin and warranty, for the lot in question and two other lots, for the consideration of 135 pounds, dated *April* 21, 1792, on which was indorsed the following certificate : " Be it remembered, that on the 14th day of *May*, 1792, personally appeared before me, *John Lansing*, Jun. one of the Justices of the Supreme Court of judicature in the state of *New-York*, the within named *Lewis Atayaghrongton*, who acknowledged that he had executed the within indenture as his voluntary act and deed ; and having examined and finding no erasures, interlineations or obliterations therein, I do allow the same to be recorded." The deed was recorded in the clerk's office of *Cayuga* county, *January* 22, 1814. The reading of this deed in evidence was objected to, but the judge overruled the objection. The plaintiff then produced the original deed taken from the files of the clerk's office of *C.,* which was proved to have been duly deposited in the office of the clerk of *C.,* according to the statute, with the certificate of acknowledgment indorsed thereon, and a certificate endorsed as follows : " Recorded in the Secretary's office of the state of *New-York*, in book of deeds, endorsed *M. D. R.* page 26, this 23d day of *March,* 1793. *Lewis A. Scott*, Secretary." The defendant's counsel objected to the reading of the deed in evidence, but the objection was overruled by the judge, and the deed was read. The plaintiff, also, gave in evidence a deed from *Van Slyck,* to the lessor, for the premises in question, dated 1st of *September*, 1792, and duly recorded. The jury found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial.

*Richardson*, for the defendant.

*Van Vechten*, contra.

SPENCER, Ch. J. delivered the opinion of the Court. The deed from the patentee for lot No. 11. in *Junius*, was proved to have been duly deposited according to the statute; and it was recorded in the clerk's office of the county, on the 22d of *January*, 1814. It was acknowledged according to the then existing law, by the grantor, before a Judge of the Supreme Court. An exemplification of the record of this deed from the patentee to *Cornelius A. Van Slyck*, was admitted in evidence, notwithstanding objections were made to its admission. The only question in the cause is, whether the exemplification of the record of the deed was admissible?

The 7th section of the act of the 12th of *April*, 1813, (1 *N. R. L.* 369.) provides, that every conveyance relating to any lands within this state, which was acknowledged or proved previous to the 6th of *April*, 1801, agreeably to any law in force, at the time of making such acknowledgment or proof, and not recorded, shall be entitled to be recorded by the secretary of this state, or the clerk of the county in which the lands lie; and that every deed so acknowledged or proved, whether recorded or not, or the record thereof, or a transcript of such record, may be read in evidence in any Court of this state; with a proviso, that the act should not extend to deeds for land in the military tract, which were not deposited with the clerk of *Albany* county, on, or before the first of *May*, 1795, nor to any deeds subsequent to the 8th of *January*, 1794.

On the 4th of *February*, 1814, (sess. 37. ch. 5.) an act was passed, declaring, that no deed relating to the title or property of any lands granted by this state, as bounty lands, to the officers and troops of this state, who served in the army of the *United States*, executed on or before the first of *May*, 1797, should thereafter be registered or re-

corded, unless the same be acknowledged or proved according to the provisions *of the first section of the act concerning deeds,* passed the 12th of *April,* 1813, any thing in the 7th section of said act, or any law to the contrary notwithstanding. On the 14th of *April,* 1820, (sess. 43. ch. 245. s. 3.) it was enacted, that no deed relating to the title or property of any lands granted by this state as bounty lands to the officers and troops of this state who served in the army of the *United States,* executed on or before the first of *May,* 1797, should hereafter be read in evidence in any Court of this state, unless the same be acknowledged or proved according to the provisions of the first section of the act, entitled, an act concerning deeds passed the 12th of *April,* 1813, any thing in the 7th section of said act, or any law to the contrary notwithstanding.

These are all the acts necessary to be considered in deciding this question. The deed under consideration appears, also, to have been recorded in the secretary's office on the 23d of *March,* 1793; and it having been acknowledged and recorded in the secretary's office prior to the act of the 8th of *January,* 1794, the grantee had acquired a right under the then existing law, to have the exemplification of the deed read in evidence upon any trial, in which it became necessary to substantiate his title. It admits of doubt, whether the act of the 8th of *January,* 1794, affected such a deed at all, and whether it did not operate prospectively, in regard to the recording of deeds executed prior to the passing of that law, and which had not already been recorded. But the act of the 12th of *April,* 1813, fully authorized this deed to be recorded ; and it was put on record according to its provisions, and under its sanction.

The only operation of the act of the 4th of *February,* 1814, was to prohibit the recording a deed circumstanced like the present deed ; but it had already been recorded, and was, therefore, wholly unaffected by that act.

The act of the 14th of *April,* 1820, in its terms, prohibits the reading in evidence a deed for any of the bounty lands granted by the state, executed before the first of *May,* 1797, unless it be acknowledged or proved agreeably to the first section of the act of the 12th of *April,* 1813. This act is perfectly silent as to deeds which had been put on

record under the provisions of the 7th section of the act of the 12th of *April*, 1813. We ought not to give to this latter act a construction which would include deeds recorded under the sanction of that part of the act. If the grantees had neglected to avail themselves of the indulgence afforded by the legislature to put their deeds on record, upon the terms allowed by the act, it was perfectly competent to the legislature to revoke that permission. This was done by the act of the 4th of *February*, 1814. The only effect which the act of the 14th of *April*, 1820, could have, was, by going one step further than the act of the 4th of *February*, 1814, to prevent such unrecorded deed from being read in evidence. It would be imputing to the legislature great violence, so to construe the act as to preclude the reading in evidence the record of a deed, recorded upon such proof of its execution, as a former legislature deemed sufficiently authentic, to warrant its being placed on the records of a county ; and when thus placed there, was declared to be evidence. It would require to be deeply considered, whether it was competent to the legislature, to declare that public records should not be admitted as evidence of the transactions regularly and legally recorded. Would it be competent to the legislature to enact, that the record of a judgment of one of our Courts of record, however proved, should not be admitted as evidence in any case whatsoever? It is to be noticed, that with respect to purchasers, they purchase under faith in the title, as appearing on the record, and the record is part of their title. An act which should obliterate their title, by declaring the record inadmissible as evidence, would impair not only a vested right, but would impair and destroy the foundation of the contract between the parties. I throw out these considerations to show, that without the most express and unequivocal language, Courts of law ought not to construe the act of the 14th of *April*, 1820, as intending to prohibit the reading in evidence the transcript of the record of a deed, or the deed itself, if recorded ; and that the only operation of that act, taken in connection with the act of the 4th of *February*, 1814, is to prevent the reading in evidence an unrecorded deed, although it may have been acknowledged in conformity with the existing laws, but which

the party has neglected to have recorded in due season. We are, therefore, of opinion, that the transcript of the record was properly admitted, and the plaintiff must have judgment.

Judgment for the plaintiff.