Curia, per Savage, Ch. J.
(after stating the case.) The most important question arises upon the admissibility of the deed from Barnes to Fowler.
The first objection to this deed is, that it was not proved to have been filed, nor deposited, nor registered according to the statute.
One answer is, that a non-compliance with the act in this case, does not affect the rights of the grantee or his assigns. The statute relied upon, indeed, directs that all deeds theretofore executed, &c. should be deposited ; and if not, they should be adjudged fraudulent and void against subsequent purchasers or mortgagees for valuable consideration ; but not against the grantor and his heirs. The lessors of the plaintiff, in whom any title is pretended, are the children and heirs at law of the grantor.
But another answer, perhaps, may be given, which is, that there is, prima facie evidence that the deed was deposited according to the acts of 1794. It was found in the office where it should be, if it was deposited. It was proved, before the time limited for depositing, and ^ *117 marked, “ Registered April 29, 1795.” To this there is no signature, but being in the clerk’s office of Cayuga county, without explanation, and not being recorded, the presumption being in favor of a legal performance of duty by public officers, the deed must have come from the clerk of Albany, through Herkimer and Onondaga. *(See the acts concerning these deeds collected, 1 R. L. 209 to 218.) In neither of the latter offices could the registry have been made. ' None was required by law; but in Albany it was.
I think, therefore, the memorandum on the back was prima facie evidence of the deposit having been made on the 29th of April, 1795, which was in time.
The next objection to this deed is, that the proof was defective. The law in force when this deed was executed and proved, was the act of the 26th of February, 1788. By that act, no deed could be recorded without an acknowledgment or due proof by" one of the subscribing witnesses. That act does not prescribe the form nor the substance of the certificate of the officer taking the acknowledgment or proof; but merely says that a certificate of the acknowledgment or proof should be endorsed upon the deed. By the same act, a deed duly proved and recorded, or the record thereof, might be read in evidence.
The act of 1813 required that the certificate of the officer taking the proof should contain the names of the witnesses and their testimony; and the act of 1820 prohibits the reading in evidence of any deed for lands in the military tract, unless acknowledged or proved according to the act of 1813. If the statute of 1820 were to receive a literal construction, this objection must be fatal. [1] But in the case of Jackson v. How, (19 John. 80,) this court, after a critical examination of these several acts, decided that the *118 only operation of the act of 1820, taken in connection with, the acf of 1814, is to prevent the reading in evidence of an unrecorded deed, although it may have been ackowledged in conformity with the existing laws ; but which the party has, neglected to have recorded in due season. This deed from; Barnes to Fowler, having been proved according to existing laws, and duly recorded, is not embraced in the meaning of the, act of 182Q, and was therefore properly read in evidence.
The next objection is to the deed from Tost to Jerome. It is said there should have been a certificate of the county clerk, that L. F. Stephens was first judge of Seneca, county, although he was a counsellor, &c, This point has been decided. * Where the pro.of or acknowledgment is. taken before a judge of this court, or a commissioner to, perform certain duties of a judge of this court, no. certificate from the county clerk is necessary. The first judge of a court of common pleas being a counsellor of this court, is a commissioner ex officio; and therefore nP certificate is necessary. (5 Cowen, 485.)
The deed from Barnes to Fowler b.eing properly in evidence, and showing a title out of fhe lessors, they had a right to show that the, deed was a forgery by proper testimony and they contended that Barnes’ account hook was proper for that service, by way of comparison of hand writ-, ing. The rule is settled in England, and I believe, in this state,, that comparison of hands by juxtaposition of two writings, in order to ascertain whether both were written by the same person, is inadmissible [1] (1 Stark. Ev. *119 654, and 1 Phil. Ev. 438, and the cases there cited.) In some of our sister states the rule is otherwise. [1]
In Titford v. Knott, (2 John. Cas. 211,) Kent, justice, says it is usual forwitnesses to prove hand writing from previous knowledge of the hand, derived from having seen the person write, or from authentic papers received in the course of business. If the witness has no previous knowledge of the hand, he cannot then be permitted to decide it in court from a comparison of hands. The same rule is admitted in Jackson v. Van Duzen, (5 John. 155,) and where a different practice has obtained with us, I presume it will be found that the comparison, either by witnesses or by the jury, has been by consent. The reason given for this rule, that the jury may not be able to read, is not satisfactory, and at the present day not well founded in fact, A more satisfactory reason is that' the specimens produced may be selected for the purpose; and another, that if permitted, these specimens may be contested and examined by others, and thus collateral evidence might be introduced to an inconvenient length, and in the end might not be conducive to justice. The book, therefore, was properly excluded.
There is one other point which it is proper to notice. The certificate of acknowledgment upon the lease from Yost to *Barnes is said to be defective, because the witness does not state that he saw the lease executed. The parties acknowledged it in his presence, and he subscribed it as a witness. The witness must prove the execution of the instrument. Is not that done by an acknowledgment from the parties, and an attestation by the witness ?
*120 A deed takes effect from the delivery; and if the parties choose to sign their names alone, and then call witnesses before whom they acknowledge the instrument, that is a good execution. [1] And should some time intervene, (years, if you please,) I can see no difference. It is a re-delivery of the deed which then, at least becomes effectual. This evidence will be good and sufficient to prove the deed in a court of law, and therefore is sufficient before the judge or commissioner.
The question of genuineness of the deed was before the jury, upon all the legal evidence on both sides, and they decided in favor of the defendant.
The doctrine advanced by the judge in his charge, becomes altogether immaterial. Were the question one of adverse possession, then I apprehend the possession must be continued by an unbroken chain, where there has been a succession of tenants. That was not the question here ; and I am inclined to think the judge correct, that such a possession as was shown was entitled to some weight in fortifying the title of Fowler and those claiming under him. But whether that be so or not, his deed was legally proved, and there was no sufficient evidence to disprove it calculated to shake the finding of the jury. The motion for a new trial must be denied.
New trial denied.
END OF MAY TERM.

 Since January 1, 1830, the former laws of New York, relative to the proof, acknowledgment, and records of deeds &c. are entirely obsolete, as regards conveyances since that time, still they are often drawn in question, when conveyances acknowledged, proved and recorded under them, are sought to be given in evidence. A list of references to those laws and the adjudications under- them may be found in 2 Cowen & Hill’s Notes to Phil. Ev. 470.

 This, rule has been invariably followed by the English Courts: See 4 Esp. 273, a, Day’s, ed, 2 Cowen & Hill’s Notes, 478 et seq. Clermont v. Lullidge, 4 Carr. & P. 1. Mutchinson v. Allcock, 1 Dowl. & R. 165. Greaves v. Hunter, 2 Carr. & P. 447. And in the Supreme Court of the United States. Strother v. Lucas, 7 Pet. 763. The same rule prevails in New York. Wilson v. Kirland, 5 Hill, 182. In Hutchins’ case, 4 City Hall Rec. 119. A comparison of hand writing hy the jury, was not permitted, although both the prosecutor and prisoner consented. See also Haskins v. Stuyvesant, Anth. N. P. 97. Rut in Rodgers’ Adm’rs. v. Shaler, id. 109, Spencer J, held that after the hand writing of a party (an intestate) is in evidence, his hand writing to any other instrument may be proved by calling any witness, to compare the hand writing proved, with that to he proven, and to state his *119 inference to the jury, the jury not being competent to make such comparison. In England the rule now is, that the court or jury may compare a document, with another already in evidence, and from the comparison form a judgment upon the genuineness of the hand writing. Griffiths v. Williams, 1 Grom. & Jerv. 47. Solita v. Yarrow, 1 M. & R. 113. Doe v. Newton, 1 Nev. & P. 4 S. C. 5 Adol. & E. 514. Doe v Luckermore, 1 Nev. & P. 32. S. C. 5 Adol. & E. 703. See also 2 Cowen & Hill’s Notes to Phil. Ev. 478, et seq.
An exception to the rule, as to a comparison of hand writing, exists in relation to ancient writings. See post 150, N. 1.

 See 2 Cowen & Hill’s Notes to Phil. Ev. 481, 3.

 Munns v. Dupont, 3 Wash. C. C. Rap. 33,. 42. Kingvvood v. Bethlehem, 1 Green, 228.
But see Hollenback v. Flemming, 6 Hill, 308. Henry v. Bishop, 2 Wen. 575. Both these cases assert the doctrine that no one can be an attesting witness who did not subscribe his name as such, at the time the instrument was executed. Norman v. Wells, 15 Wen.