JAMES M. MOORE, PLAINTIFF AND APPELLANT, *v.* THE WILLAMETTE TRANSPORTATION AND LOCKS COMPANY, DEFENDANT AND RESPONDENT.

PROBATE OF WILLS—PETITION FOR.—A petition praying the probate of a will under the provisions of statutes of Oregon Territory, in 1857, will not be held defective, if it appear from the petition, affidavit of the subscribing witnesses to the will and the will itself, all taken together, that the testator was a resident of the county at the time of his death, and that the probate court had jurisdiction of the case.

IDEM—VERIFICATION—WAIVER OF OBJECTION.—A petition to the probate court for the appointment of an administrator *de bonis non* which is not verified is not, therefore, void, and if no objection is taken to it by motion to strike out or otherwise, any objection to it for want of verification will be waived.

PETITION—FILING, WHAT CONSTITUTES.—A petition which is marked filed in the usual form by the clerk, but which is found in the records of the court, and has been acted on by the court, will be deemed to have been filed unless the contrary is made to appear.

SHERIFF'S DEED—WHO MUST EXECUTE.—A sheriff's deed may be executed by the sheriff who is in office at the time the deed is due, after the time of redemption has expired.

CORPORATION—POWER OF STOCKHOLDERS.—The stockholders of a corporation may authorize and direct the sale of the property of the corporation on its dissolution, and direct the manner in which the sale shall be made.

IDEM—DEED OF CONVEYANCE, WHEN SUFFICIENT.—The deed of a corporation sealed with its seal and subscribed by its president and secretary, declar-

ing that they subscribe it for the corporation, will convey the title to the land described in it.

APPEAL from Clackamas County.

This is an action by the appellant for the recovery of certain lands occupied by part of the canal and locks around the Willamette Falls, opposite Oregon city, in Clackamas county, he claiming the undivided seven fifteenths thereof. The land in dispute is a part of the donation claim of Robert Moore, deceased, the father of the appellant. It is claimed by the appellant that the said Robert disposed of the land in dispute by his will so that one fifth was given to his son, Robert M. Moore; and one fifth to his daughter, Jane Painter; one fifth to his daughter, Margaret Mildred Moore; one fifth to his grandson, Robert Moore, junior, son of the plaintiff; and one fifth to R. C. Crawford, trustee, with power to sell after ten years from the death of said Robert Moore. Robert Moore, junior, died intestate and unmarried and without issue before May, 1869; Margaret Mildred Moore died in February, 1871, intestate, without issue and a *feme-sole*. R. C. Crawford, trustee, sold and conveyed his one fifth to plaintiff in 1878, before the commencement of this action. The appellant claims that he acquired one fifteenth of the property through Margaret Mildred Moore, and three fifteenths through Robert Moore, junior, by descent, and three fifteenths from Crawford, trustee.

It is claimed on the part of the respondents:

1. That in September, 1857, the will of Robert Moore, deceased, was admitted to probate; that thereafter the executors in the will were removed, and George A. Pease was appointed administrator *de bonis non*, with the will annexed; that Pease duly sold the land in dispute at administrator's sale, to pay the debts of the estate and the expenses of administration; that James M. Moore, the appellant became the purchaser thereof at such administrator's sale; that the interest of Moore thus acquired, passed one third to one W. P. Dolan, and two thirds to the respondent, through an execution sale against the appellant to D. P. Thompson,

James K. Kelley and Dolan, and by mesne conveyances from Kelley and Thompson to the respondent.

2. That the land was, in a proper proceeding, bought by the Willamette Falls Canal and Locks Company, the grantor of the respondent against Pease and the heirs and devisees of Robert Moore, deceased, duly appropriated to the use of such corporation by a judgment of the circuit court for Clackamas county.

Moore executed a deed to Pease, notwithstanding the judgment-lien, on the day succeeding the conveyance by Pease, as administrator, to him. Pease was therefore made a party in the proceedings to condemn.

Upon the trial, Moore objected to proof of the probate of the will in 1857, relied upon by respondent, upon the ground that the county court had no jurisdiction in the matter of the probate; to proof of the conveyance to Kelley, Thompson and Dolan, under the execution sale, on the ground that the deed offered in proof was not executed by the sheriff, who made the sale; to proof of the condemnation of the land, by judgment of the circuit court, on the ground that such court had no jurisdiction as to Margaret Mildred, or Robert junior, and to proof of the conveyance to the respondent by the Willamette Falls Canal and Locks Company, on the ground that the directors of such corporation were not authorized to execute such deed. The point of these objections is more particularly stated in the briefs and argument of counsel, and in the opinion.

The evidence objected to was admitted, and the respondent had judgment, from which this appeal is taken.

*W. Carey Johnson and E. L. Eastham,* for appellants:

To establish title under the probate proceedings, the respondent offered in evidence a paper, which purports to be a petition for probate, signed by the executors named in the will of Moore, deceased, dated September 4, 1857, and having no marks of filing upon it. They also offered the affidavit of Charles Pope and James K. Kelley, of September 6, 1857, to the effect that they were subscribing witnesses to the will, and saw the deceased sign the will, etc.

The first of these papers purports to have been made be-fore the state of Oregon was admitted into the Union; the other after the admission into the Union. The plaintiff contended below, and still contends, that neither of these papers was sufficient to give the probate or county court jurisdiction of the subject-matter, or of the persons of the heirs, so as to support the subsequent proceedings relating to the proof of Moore's will, and the sale of land to pay his debts. At the time the first petition is dated, probate courts were not courts of general jurisdiction; and jurisdiction must affirmatively appear, or the subsequent proceedings are to be held void. The subsequent unverified statement of J. M. Moore, asking for the appointment of an administrator, did not give the county court any jurisdiction; and the court erred in admitting record of what the county court did in relation to the land sale, after it affirmatively appeared that the county court had no jurisdiction of the subject-matter.

No presumption obtains in favor of the proceedings of a court of limited or inferior jurisdiction, and recitals in journal of proceedings of courts of general jurisdiction which are disputed by other parts of the record, are not to be upheld by any presumptions; and no presumption obtains until after the court is shown to have jurisdiction of the subject-matter, by petition or pleading good on de-murrer. (*Fisk* v. *Kellogg*, 3 Or. 503; *Tustin* v. *Gaunt*, 4 Id. 305; *Gilmore* v. *Taylor & Phillips*, 5 Id. 89; Rorer on Judicial Sales, secs. 71, 73; *Whitney* v. *Porter*, 23 Ill. 448; Freeman on Judgments, secs. 116, 117.)

The record shows that the will was admitted to probate June 19, 1877, upon petition of the Willamette Falls Canal and Locks Co.

The respondent offered the deed from the Willamette Falls Canal and Locks Co., which was admitted. It ought to have been excluded for the reason that it is not signed by the corporation. (Mis. Laws, p. 528, sec. 19.)

The officers of the corporation were not authorized by the directors to make the deed, and the vote of stockholders could not so authorize them. (Angell & Ames on Corp.,

sec. 221; *Bank of U. S.* v. *Dandridge,* 12 Wheat. 113; *Union T. Corporation* v. *Jenkins,* 1 Cai.; *Commonwealth* v. *St. Mary's Church,* 6 S. & R. 508; 2 Cush. 337.)

Hon. M. P. Deady, United States District Judge for Oregon, in a case lately tried before him, held that a corporation was not dissolved by vote of the stockholders, but all they could do was to authorize the directors to do certain acts mentioned in section 19 above cited. (Angell & Ames on Corp., sec. 221, and cases before cited.)

The defendant also introduced, against the plaintiff's objection, a sheriff's deed made by Arthur Warner, sheriff, pursuant to a sale made by John Myers, a former sheriff. Upon this point, Judge Deady also made a late decision holding with us. We refer to Oregon Code, section 986, p. 303. (*Allen* v. *Trimble,* 4 Bibb, Ky.; *Tuttle* v. *Jackson,* 6 Wend. 224.)

The last legislative assembly plainly recognized it to be the law that the sheriff who makes the sale shall make the deed, by enacting that hereafter the deed may be made otherwise in certain cases. (Session Laws, 1878, p. 99.)

If the proceeding to appropriate the land in question was a proceeding against the owners of the land, the court did not have jurisdiction of Margaret Mildred, or Robert, junior, under whom plaintiff claims, and no judgment was ever entered against any of the owners, and no compensation was ever paid them. Pease, the only one paid, had no interest. The judgment appropriating was therefore void. (Const. of Oregon, art. 1, sec. 18.) If it was a proceeding against the land, it was necessary to take actual custody of the land, and put it under the control of the court, in order to bind the owners. (Wharton Confl. of Laws, sec. 829; *Pennoyer* v. *Neff,* 5 Otto; Story Confl. of Laws, Chap. 2; Cooley's Const. Lim. 402-5.)

The findings of the Court are insufficient to sustain the judgment. If a jury had made the same findings of fact, the court could not have entered the judgment. There is no finding of the rights of the parties, either plaintiff or defendant.

*Hill, Durham and Thompson,* for respondent:

The will of Robert Moore, deceased, was admitted to probate under an act of the legislative assembly of Oregon Territory, passed December 15, 1853. (Laws of 1855, p. 384.)

Section 17 of said act is as follows: "When any will is exhibited to be proven, the court may immediately receive the proof and grant a certificate of probate; or, if such will be rejected, grant a certificate of rejection." A part of the jurisdiction of the probate court was to take the proof of wills, and the statute provides the manner in which the proof shall be taken and the proceedings by which the matter is to be brought before the court. No petition or other statement was required; but, says the statute, "when any will is exhibited to be proven, the court may immediately receive the proof and grant a certificate." The exhibition of the will to the court was the proceeding which gave the court jurisdiction of the subject-matter and authorized it to proceed to probate the will. (2 How. 340; 2 Wall. 210.)

The deed recites the record of a meeting of the stockholders of the W. F. C. & L. Co., called for the purpose of authorizing the disposition of all its property, and also sets out in full a resolution authorizing the sale of the property of the corporation and the execution of deeds for that purpose. It will be observed that this meeting of the stockholders was held for the pupose of transferring all the property, real and personal, of the corporation. Such action could only be taken by the stockholders under the statute, and not by the directors. (Mis. Laws, 528.)

But the deed being regularly executed, it will be presumed that it was done by authority of the directors, if such authority is necessary to the validity of the conveyance. (*Chouquette* v. *Barada*, 28 Mo. 491; *Flint* v. *Clinton Co.*, 12 N. H. 430; *Bowen* v. *I. P. C.*, 6 Bosw. 245.)

But we think that as the whole power of disposing of the property of the corporation is vested in the stockholders, whenever that power is to be exercised in disposing of all the property and settling the business, such stockholders may authorize the sale, and such sale may be made by any

one duly authorized as the agent of the corporation for that purpose. In this case, Bernard Goldsmith was the agent authorized to make the sale, and the deed shows that it was so made by him, and that the corporation by its proper officers and under its seal executed the conveyance.

The general rule is, that a corporation may, unless prohibited by its charter, appoint any person an agent for the purpose of transferring or disposing of its property, and no officer of the corporation possesses such exclusive power, unless the same is conferred by charter. (*Mitchell* v. *Deeds*, 49 Ill. 416; 1 Amer. Cor. Cas. 461.)

It is objected that the judgment-roll in the proceedings to condemn this land was not admissible. The statute provides: "That the complaint shall describe the land sought to be appropriated with convenient certainty. If the defendant, or either of several defendants, is a non-resident of this state, or is unknown, service of the summons may be made by publication, as in ordinary cases." (General Laws of Oregon, p. 534, sec. 43.)

All things required by the statute were regularly done, and Margaretta M. Moore, like all unknown owners, was brought before the court. It ought to be remembered that the proceeding to condemn land is not a proceeding in which it is sought to obtain a personal judgment against the defendants, but is directed against the land, is *in rem*, and no notice to the owner is required, unless the statute provides for it, and then notice need be given only in the manner required by law.

The appellant insists that under section 986 of the code, authorizing the former sheriff to complete the execution of all final process which he has begun to execute, the deed made by the actual or present sheriff is made by an incompetent grantor. The able judge who tried this cause below, has uniformly held that the execution of a sheriff's deed was no part of the completion of final process where execution had been begun; was, in fact, no part of a final process at all.

The difference in opinion between the two courts has necessitated the procuring of deeds by purchasers at ex-

ecution sale where deeds could not be made during the term of the officer making the sale, from the former sheriff and the sheriff in office at the date of the deed.

On principle, as well as public policy, we submit the ruling of the court below should be sustained. The office of sheriff is never vacant; like the king, the office never dies. The deed derives its validity from the office rather than the person of the man who made it; the sheriff can always be found; in short, every consideration of convenience and certainty is in favor of the rule we contend for.

By the Court, BOISE, J.:

It seems, from the statement of the case above set forth, that the appellant is the owner of the land in dispute as claimed, unless he has been divested thereof by legal proceedings, which have been prosecuted against the estate of his father, Robert Moore, and against himself, which proceedings are set forth in the foregoing statement, and the determination of the rights of the parties in this case must depend on the construction to be given to these proceedings. It is also claimed that though these legal proceedings are correct, that still the deed from the Willamette Falls and Locks Company to the defendant is not sufficient in form to convey the title. We will first proceed to consider the proceedings had in the probate court, which are set out in the record:

The first paper to be considered is the petition of D. J. Schnebley and others, requesting the probate court of Clackamas county to admit to probate the will of Robert Moore, the father of the appellant. This paper is marked Exhibit F, and is as follows:

" We, the undersigned, having been appointed executors of the last will and testament of Robert Moore, deceased, request that with the view of carrying into effect said will, letters testamentary be granted by the honorable court in accordance with the provisions of the law.

(Signed)      "D. J. SCHNEBLEY,
              "R. C. CRAWFORD,
              "J. T. APPERSON.

"September 4, 1857."

This paper is not marked filed, and this is made an objection to it. And it is also objected to as not showing that the court had jurisdiction of the subject-matter of the proving of this will.

As to the first objection that it has not written on it the word filed by the clerk, we think that as the paper is found in the possession of the court, among the papers of the case, and is a paper on which the court apparently acted, these facts prove *prima facie* that the paper was properly presented to the court, and was in fact filed, though not so marked.

We will next consider the other objection to this paper; that it does not state facts sufficient to give the court jurisdiction (at that time the probate court had jurisdiction) of the matter of the proving of wills; and all that was necessary in a petition was to show to the court that a case of that nature existed, and required its action.

With this petition, the will sought to be proved, seems, from the record, to have been presented, and also the affidavit of Charles Pope, junior, and James K. Kelley, the subscribing witnesses thereto. These accompanying documents showed that said Robert Moore was an inhabitant of the county, and that he was dead.

The laws of the territory of Oregon, then in force, Stat. 1855, p. 385, secs. 15, 16, 17, provided as follows:

Sec. 15. "The probate court shall take proof of wills."

Sec. 16. "If the testator have a mansion-house—a known place of abode—in any county, his will shall be there proved."

Sec. 17. "When any will is exhibited to be proven, the county court may immediately receive the proof, and grant a certificate of probate; or if such will be rejected, grant a certificate of rejection."

No particular form of petition was then necessary to invoke the action of the court to the probate of a will. All that was necessary was to exhibit the will for probate with such proof as showed that the testator was deceased, and that he had been, at the time of his death, a resident of

the county.   All of these things seem to have been shown to the court at the time this will was presented.

We think, therefore, that the probate court had jurisdiction, and that exhibit F was properly admitted.   After this probate of the will on August 4, 1863, the appellant filed a petition, which is marked exhibit G, showing to the said probate court that two of the executors of said will, D. J. Schnebley and R. C. Crawford, had removed from the state of Oregon, and that the third, J. T. Apperson, had resigned; and prayed that the letters of said Crawford and Schnebley be revoked, and that a suitable person be appointed administrator *de bonis non* of said estate.   The prayer of which petition was allowed, and George A. Pease was appointed administrator *de bonis non*.

It is now claimed by the appellant that this petition did not give the court jurisdiction to act in the premises.   This last named proceeding was enacted while the probate court was acting under our present code (p. 319, secs. 1062, 1063), where it is provided that an application to remove an executor shall be by petition, and upon notice to the executor or administrator, unless the cause for removal be that the executor has removed from the state; in which case no notice is required.   No particular form is required for such petition, and all that is necessary to be set out in the petition is to call the attention of the court to the matter complained of, and that is done in this case, and the petition is sufficient in form and substance.   But it is claimed that this petition was not sworn to and was therefore void.

We do not think that the affidavit of a party to the truth of a petition or pleading is requisite to give the court jurisdiction.   If no objection is taken to a petition or pleading for want of verification, then this defect is waived.   Section 81 of the code provides that "A motion to strike out a pleading for want of verification or subscription * * * shall be made within the time for answering such pleading;" which plainly indicates that when such objection is not made the pleading will be allowed to stand notwithstanding such defect.

These pleadings being found to be sufficient, it is not con-

tended but what the sale of the property by Geo. A. Pease, administrator to James M. Moore, was legal and in due form to convey the property thereby to the appellant, who purchased at the sale.

We now come to consider the proceedings by which the respondent claims it obtained this title from the appellant, Moore. This is first through a judgment against him and a sale by the sheriff of the premises to satisfy such judgment, at which sale D. P. Thompson, J. K. Kelley and W. P. Doland were purchasers. The sheriff's deed to these parties was offered in evidence to complete this chain of title to the respondents through mesne conveyances, and was objected to on the ground that the said sheriff's deed was made by Arthur Warner, sheriff of Clackamas county, who was not the sheriff who made the sale, but his successor. The said former sheriff, John Myers, having gone out of office before the deed was made.

Appellants claim that under our statute, p. 303, section 986, the former sheriff, who made the sale was the only officer who could make the deed.

This section of the statute is as follows: "The former sheriff shall return all process, whether before or after judgment or decree, which he has fully executed, and shall complete the execution of all final process which he has begun to execute." Literally construed this section directs the former sheriff to return all process, the execution of which is complete, and which he has still retained in his hands when his term expires, and in case of final process do all official acts necessary to be done before the same can be returned executed. In case of a sale of real property the return is made when the sheriff has made the sale and received the money to apply in satisfaction of the execution. If it be sufficient, he returns it satisfied and states his doings thereon in his return, but his certificate of return does not embrace the confirmation of sale and subsequent proceedings which are necessary to fully complete the transfer of the property sold. When he has made his return he has parted with the process and has no further control over it. On this return the plaintiff in the execution may move to

have the sale confirmed by an order of the court. If the court orders a resale, a new execution must issue which will recite such order, and this new execution would be directed to the sheriff in office at the time it is issued. We can see no good reason why the proceedings concerning redemption and making the sheriff's deed should not be conducted before and performed by the sheriff who is in office at the time.

Such a construction of the statute will establish a rule most convenient to the parties; for the sheriff in office can always be found, as his official duties require his presence in the county, while the former sheriff may die, be disqualified or remove from the county, and render proceedings before him impracticable. We think this statute was not intended to extend the office of the former sheriff beyond the time when he returned the process into court, and that then he ceased to have control over it. The appellant's counsel have referred to the case of *Anthony* v. *Wessil*, 9 Cal., as supporting this view of the case, and *Drum* v. *Boring*, 8 Id., and also to the cases of *Allen* v. *Trimble*, 4 Bibb, 21, and *Tuttle* v. *Jackson*, 6 Wendell, 224. The California cases are on a statute like ours in many of its provisions, but it does not contain section 293 of our statute on the subject of confirmation of the sale of real property, or any section with like provisions. By the statute of California, the proceedings on the sale remain in the hands of the sheriff until the making of the deed, and are not returned to the court for the purpose of its action on the regularity of the sale, and the ordering a resale in case of irregularity, and therefore the authority is not in point under our statute.

In the other cases cited by counsel, the decisions are placed on the doctrine of the common law where executions were only levied on personal property of which the officer took possession and in which he had a special property by virtue of his levy. The same rule was extended to real estate, and the officer having possession by virtue of the levy on the property must deliver it to complete the sale, and the giving the deed was necessary to convey the title. But under our statute the possession passes to the purchaser by virtue of the certificate, and an order of the

court confirming the sale is a necessary step in conveying title under the sale. This order is to be had on the motion of the plaintiff in the execution, and is in no way under the control of the sheriff. And there is no good reason in theory for holding that the sheriff has not parted with all the interest he acquired in the property by virtue of the levy when he executed his certificate of sale to the purchasers at the execution sale. On a careful examination of the authorities we find that the rule has been adopted in many of the states that the successor of the sheriff—that is, the sheriff who is in office when the deed is made—is the proper person to execute the deed. In *Jackson* v. *Woodward*, 29 Maine, 266, it is laid down as a general rule that seisin must be shown in the purchasers, by the return of the execution, and it is on this question that the court is to pass when the order is made confirming the sale. And the title is complete in equity in the purchasers from the time he receives the certificate of sale, if the return is regular, and can only be defeated by a redemption, and the deed when executed relates back to the time of the sale. The rule that the successor to the sheriff who made the sale may execute the sheriff's deed is recognized in *Fretwell* v. *Morrow*, 7 Geo. 264; *Prescott* v. *Evarts*, 4 Wis. 314, and in *Conger* v. *Converse*, 9 Iowa 554. In the last case the court, in deciding the question, say: " That the fact that the certificate and deed were signed by different persons was no ground for excluding the certificate. The sheriff in office at the time the certificate is produced and the deed demanded, is the proper officer to make the deed, and not the one who made the sale and whose term of office has expired. The term sheriff applies to the office and not to the person." We think therefore that the sheriff's deed was properly admitted.

It is also claimed by the appellant that the deed from the Willamette Falls Canal and Locks Company to the Willamette Transportation and Locks Company is not sufficient in form to convey the title to this property to the respondent. This deed recites that at a meeting of the stockholders of the Willamette Falls Canal and Locks Company,

"called for the purpose, among other things, of authorizing the disposition of its property," the following resolution was duly passed : "Resolved, That Bernard Goldsmith, the president of the Willamette Falls Canal and Locks Company, be and hereby is authorized and directed to sell to the Willamette Transportation and Locks Company all the property, both real and personal, of said Willamette Falls Canal and Locks Company upon such terms and conditions as he may think expedient; and said Bernard Goldsmith is further authorized and directed to make, execute and deliver all deeds and writings necessary and convenient for the due and proper conveyance and transfer of said property. * *. * "

This recital is sufficient in form and substance to vest Goldsmith with authority to transfer the property, provided the stockholders could delegate such power to him. The appellant claims that power to sell the property was in the directors, and not in the stockholders. The proper solution of this question must depend on the construction of sections 9 and 19 of the act of the legislature regulating the formation of private corporations. The statute (p. 524, sec. 9) provides that "From the first meeting of the directors, the powers vested in the corporation are exercised by them or by their officers or agents under their direction, except as otherwise specially provided in this chapter."

Section 19 provides that the stockholders, at a meeting called for that purpose, "may authorize the dissolution of such corporation, and the settling of its business, and disposing of its property, and dividing its capital stock in any manner it may see proper. The resolution of the stockholders above quoted directs the disposition of all its property, and we must infer from its terms that it was a part of proceedings dissolving the corporation and providing for settling its business, and, as the statute provides, that the stockholders by vote shall direct the winding up of its affairs in any manner it may see proper. The stockholders, and not the directors, have the power to direct the manner in which its property shall be disposed of; and there is no conflict in the provisions of these sections, for the directors

exercise the powers of the corporation in cases where the law does not otherwise provide. Section 19 has provided that the stockholders by their vote shall control the final disposition of the property of the corporation. It is also claimed by appellant that this deed is not properly executed. The form of the attestation is:

"In witness whereof the said party of the first part (the Willamette Falls Canal and Locks Co.) has caused its corporate seal to be hereto attached and affixed, and these presents to be subscribed by the president and secretary of said party of the first part, this eighth day of March, 1876.

"B. Goldsmith.        [seal.]

"President of the Willamette Falls Canal and Locks Co.

"John Merrick.        [seal.]

"Secretary of the Willamette Falls Canal and Locks Co. Witnesses.    [seal of corporation.]

Though the usual form of executing a conveyance of land by a corporation is to sign the name of the corporation by the president and secretary, and affixing the seal of the corporation, yet the form of execution here used is often adopted and has often been held sufficient. (Angell and Ames on Corp., sec. 225, and authorities there stated.) We think the deed was properly admitted. This view of this part of the case renders it unnecessary to inquire into the proceeding condemning the land for the use of the corporation to build thereon their canal and locks, which was relied on in the circuit court by the respondent as a defense. We will not, therefore, examine the various objections which have been made by the appellant to this proceeding, for we think the judgment of the circuit court should be affirmed for the reasons stated above.