[ No. 1828.   Decided July 1, 1895.]

MEYER LEWIS, *Respondent,* v. FRANK A. BARTLETT, *Executor, et al., Appellants.*

LEVY OF EXECUTION ON LAND BY SHERIFF —POWERS OF SUCCESSOR IN OFFICE.

Where the levy of an execution has been made upon real estate by a sheriff, his successor in office may complete the service of the execution and sell the property by virtue of the writ of *venditioni exponas* which had been directed to his predecessor.

*Semble,* That the levy of an execution upon personal property must be completed by the officer making it, even after the expiration of his term, if necessary, and cannot be completed in such case by his successor in office. (DUNBAR, J., dissents).

*Appeal from Superior Court, Jefferson County.*

*Rupert & Fitzgerald,* for appellants.

*Morris B. Sachs,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.— Respondent obtained a judgment against appellants and caused an execution to be issued thereon and placed in the hands of Richard De Lanty, who at the time was sheriff of the county.   On the 20th day of December, 1894, this execution was by said sheriff levied upon certain real estate, the property of the appellants.   Thereafter said Richard DeLanty, sheriff as aforesaid, began the publication of a notice which fixed the time of sale on the 22d day of January, 1895, before which date the term for which said DeLanty held the office of sheriff expired, and M. F. Hamilton, as his successor in said office, entered upon the discharge of its duties, and thereafter,

on the said 22d day of January, sold the property levied upon by said DeLanty under the execution without the issuance to him of a writ of *venditioni exponas*; and on the same day made return as to said sale, which was afterwards, over the objections of the appellants, confirmed by the court; and from this order of confirmation this appeal has been prosecuted.

The only reason suggested why the order of confirmation should not have been made is that the sheriff who succeeded the one to whom the execution had been delivered could not rightfully make the sale thereunder. The question as to whether or not a sheriff can complete the service of an execution which has been begun by his predecessor has been often before the courts, and the decisions thereon cannot be harmonized. In England, much formality was required in the transfer of the office by a sheriff to his successor, and under such practice it was held by most of the courts that until he had been relieved of the duties of the office by a transfer thus formally made, he was liable for the proper transaction of the business relating thereto, and on that account it was held that process in his hands should be executed by him rather than by his successor, even although his term of office had expired. In this country the practice of thus formally transferring the office of sheriff has never prevailed. Upon the expiration of his term and the qualification of his successor, such successor becomes entitled to all the emoluments of the office, and upon him is cast the burden of the discharge of its duties, excepting so far as from the necessities of the case they should be performed by his predecessor. Process under our practice is rightfully directed to the sheriff of the proper county, and it is not necessary that the person holding such office should be named therein. It would

seem to follow, as a logical conclusion, that whoever was for the time being in possession of the office should execute process directed thereto, and that if, after process had been so directed the person in possession of the office should change, the command thereof would apply to the one who had succeeded to the office rather than to one who had been removed therefrom. The sheriff's duties, extraordinary excepted, should be held to have ended with the expiration of his term.

Most, if not all, of the courts have decided that the levy of an execution upon personal property gave the officer making the levy a special property therein, and for that reason it has been held by such courts that it was his duty to complete the service of an execution so levied, if necessary, after the expiration of his term. If the officer who levies an execution on personal property acquires a special title thereto, such fact may furnish reason for the holding that he should complete the service after the expiration of his term, but it does not follow that he should be required to complete the service of an execution so levied upon real estate. By the levy the title to the real estate is not transferred, and there is no good reason why, after such levy, the successor of the one who has made it cannot as well complete the service by the sale of the property and the return of the execution as to have the same acts done by his predecessor in office; and since the one who is in the actual possession of the office can best be held responsible for the proper discharge of its duties, the interests of all concerned would be best subserved by holding that he should complete the service of the execution which has been levied upon real estate.

It may be conceded that, taking the cases old and new, the greater number support the doctrine that the

sheriff who made the levy should complete the service of the execution, but a large number of courts of the highest standing have come to the contrary conclusion, and have held in accordance with the above suggestions; and as such holding will, in our opinion, lead to less confusion than the other, we are satisfied to follow it.

Freeman on Executions, § 62, lays down the rule that where the levy is upon real estate the successor in office may complete the service of the execution, and that his authority to do so is not by virtue of any writ of *venditioni exponas* which may be directed to him, but is derived from the execution directed to his predecessor in office. At the close of said section this learned author makes use of the following language:

" The better opinion is, that if a levy be made upon real estate, the officer levying the writ may, after the expiration of his term, complete the execution of the writ by a sale and conveyance; but that his powers in this respect are concurrent with those of his successor in office, and, therefore, that the *venditioni exponas* may properly be issued to and executed by either."

The latter clause of the above quotation would seem to indicate that it was necessary that this writ should be directed to the successor in office to authorize him to make the sale, but when what is therein stated is taken in connection with the rest of the section, it will be seen that such writ only issues for the purpose of compelling the sheriff to do that which he would otherwise have the power to do.

In the case of *Leshey v. Gardner,* 3 Watts & S. 314 (38 Am. Dec. 764), this question was passed upon by the supreme court of Pennsylvania, and after a full consideration of the practice in England and in this country, that learned court came to the conclusion

that the successor in office could properly complete the service of the execution.

To the same effect are: *Bellingall v. Duncan*, 3 Gilman, 477; *Bank of Tennessee v. Beatty* 3 Sneed, 305 (65 Am. Dec. 58); *Clark v. Sawyer*, 48 Cal. 133; *Holmes v. McIndoe*, 20 Wis. 657; *Kane v. McCown*, 55 Mo. 181.

These cases furnish authority upon which we feel authorized to decide the question. Many of the courts which have held to the contrary were of the opinion that it would have been better if the practice had been for the new sheriff to complete the execution of the writ, and only founded their decisions to the contrary upon a practice which had grown up under the rule in England, in the states in which the decisions were made, or in those from which their practice was largely derived. Many cases of this kind could be cited, but we call attention to one as furnishing sufficient illustration of the opinion of such courts. See *Fowble v. Rayberg*, 4 Ohio, 45.

We feel the more ready to adopt this rule for the reason that to our mind the practice in England should have little or no weight in determining the practice here upon sales of real estate, for the reason that in England only personal property could be sold on execution.

In our opinion the superior court adopted the rule which best accords with reason and is sufficiently supported by authority.

Judgment affirmed.

SCOTT, ANDERS and GORDON, JJ., concur.

DUNBAR, J. (*concurring*).—I concur in the result, but do not wish to be understood as inferentially holding that any different rule should obtain in the case of a levy upon personal property.