CLARA S. DAVIS *v.* MARY NAPOLSKI, administratrix of John Napolski, deceased, and Mary Napolski, widow of John Napolski, mortgagors.

*(January* 9, 1929.)

PENNEWILL, C. J., RICHARDS and RODNEY, J. J., sitting.
*David J. Reinhardt, Sr.,* and *Frank L. Speakman* for plaintiff.
*William H. Foulk* for defendant.
Superior Court for New Castle County, January Term, 1929.
(No. 27, September Term, 1928)

PENNEWILL, C. J., delivering the opinion of the court:

The motion of the defendant is based on the contention that the sale of his lands should have been made by the sheriff then in

office and not by the sheriff whose term had then expired, even though the writ had been delivered to him and he had seized and advertised the property.

It is conceded that there is but one case in this state that can have any possible bearing on the question raised by the facts stated, viz.: *Simonton v. Pattin, et al.*, 1 *Marv.* 399, 41 *A.* 91.

This case is very meagerly reported; apparently no reasons were given by the court for its decision, which was, according to the syllabus, that "where a writ is placed in the sheriff's hands before, and served after his term of office has expired, the service is invalid."

The report shows that the return was set aside, thereby sustaining the contention of the defendant in the case, that the return was a nullity because the writ was served by the sheriff after he was *functus officio*.

The writ issued in that case was a writ of summons, which had been placed in the hands of the officer before, and served personally on the defendants after his term had expired. It was not a writ for the sale of property either personal or real, neither was it a writ that could be partially executed by the sheriff while in office and completed afterward.

Practically all the authorities agree that where a sheriff has levied on personal property while in office he must go on and sell it even though his term has expired. The rule is based on the fact that the office is responsible for the custody of such property, it being either actually or constructively in his possession, and he has a special property therein that is not divested by his going out of office. And there are cases which hold that there is no distinction in this regard between levies upon personal property and levies on real estate. 24 *R. C. L.* 918, 919.

It is said in 20 *Enc. of Pleading and Practice*, 212, 213, that when an execution is levied on land the officer making the levy acquires no interest in the land, is not entitled to possession, and no reason therefore exists, as in the case of a levy on chattels, for the sale by the officer making the levy. Some authorities hold that the selling writ may be executed by either the old or the new sheriff,

and others take the position that the sale must be made or completed by the new sheriff.

There does seem to be a distinction at common law between the sale of a personal and real property by a sheriff whose term of office has expired since he received the writ but before the sale, but there are very respectable authorities which hold that, while the general powers of a sheriff cease when he goes out of office, the officer who commences the execution of the writ may complete it even though he goes out of office before he can do so, and that this was so under the common law. 35 *Cyc.* 1543; 25 *Am. & Eng. Encyc. of Law,* 720; *Clerk v. Withers,* 1 *Salk.* 323; *Allen v. Trimble,* 4 *Bibb (Ky.)* 21, 7 *Am. Dec.* 726-729.

In *Hempstead v. Weed,* 20 *Johns. (N. Y.)* 64, 73, 11 *Am. Dec.* 244, the court said:

"The principle is unquestionable, that when a sheriff has once begun to execute a writ of execution, he has, after he goes out of office, a right to complete the performance of his duty."

In the case of *Lawrence v. Rice,* 12 *Metc. (Mass.)* 533, Shaw, C. J., said:

"It seems to be a well-settled rule of law, a rule of the common law, recognized and confirmed by statute, that when an executive officer has begun a service, or commenced the performance of a duty, and thereby incurred a responsibility, he has the authority, and indeed is bound, to go on and complete it, although his general authority, as such officer, is superseded by his removal, or his derivative authority terminated by the determination of the office of his principal. His authority attaches by the commencement of the service, and will be superseded only when it is completed, whether it be a longer or a shorter time."

In *Murfree on Sheriffs,* at page 552, it is stated:

"The power of the ex-sheriff to execute process after he is *functus officio,* depends on the fact that he had begun to execute it before his term expired. It must be an entire thing, incomplete at the expiration of his term, which he is authorized to finish."

It matters not, according to the weight of authority, that the property the officer is commanded to sell is real estate, if he has, while in office, commenced the execution of his writ. In such case, he may complete the execution of the writ and the performance of his duty after he goes out of office. He has assumed a responsibility and partially performed a duty in connection with the property

he is directed to sell, which he should be permitted to fully discharge.

We do not have in this state any statute on the subject, but it is clear that a sheriff who is commanded to sell real estate under execution process has the right to make the sale after his term of office has expired if he actually performed a substantial part of his duty by seizing or levying on the property before the expiration of his term. The right to sell, according to the cases sustaining this view, depends not on the description or nature of the property, but upon what the officer has done while in office in the execution of his writ.

We have seen no decision directly opposed to this doctrine, and only one case that can be considered inferentially or indirectly opposed, viz.: *Lewis v. Bartlett,* 12 *Wash.* 212, 40 *P.* 934, 935, 50 *Am. St. Rep.* 885. This case was the reverse of the one under consideration. The selling writ was issued to the sheriff in office at the time, but the sale was made by his successor in office after the expiration of his predecessor's term.

It may be interesting, and perhaps helpful, to quote from the opinion in this case, because it contains in very compact form a history of the law on the subject under discussion, and for the further reason that the court concedes that the greater number of cases support the doctrine above stated. When the entire opinion is carefully considered, it seems that the court believed a sale by either the old or new sheriff would be valid. The court was validating a sale that had been made by the new sheriff, and not invalidating one that had been made by the former sheriff.

After speaking of the effect of a levy of an execution upon personal property, the court said:

"* * * If the officer who levies an execution on personal property acquires a special title thereto, such fact may furnish reason for the holding that he should complete the service after the expiration of his term, but it does not follow that he should be required to complete the service of an execution so levied upon real estate. By the levy the title to the real estate is not transferred, and there is no good reason why, after such levy, the successor of the one who has made it cannot as well complete the service by the sale of the property and the return of the execution as to have the same acts done by his predecessor in office; and, since the one who is in the actual possession of

the office can best be held responsible for the proper discharge of its duties, the interests of all concerned would be best subserved by holding that he should complete the service of the execution which has been levied upon real estate.

"It may be conceded that, taking the cases, old and new, the greater number support the doctrine that the sheriff who made the levy should complete the service of the execution; but a large number of courts of the highest standing have come to the contrary conclusion, and have held in accordance with the above suggestions; and as such holding will, in our opinion, lead to less confusion than the other, we are satisfied to follow it.

"*Freeman on Executions* (*section* 62) lays down the rule that, where the levy is upon real estate, the successor in office may complete the service of the execution, and that his authority to do so is not by virtue of any writ of *venditioni exponas* which may be directed to him, but is derived from the execution directed to his predecessor in office. At the close of said section, this learned author makes use of the following language: 'The better opinion is that, if a levy be made upon real estate, the officer levying the writ may, after the expiration of his term, complete the execution of the writ by a sale and conveyance, but that his powers in this respect are concurrent with those of his successor in office, and, therefore, that the *venditioni exponas* may properly be issued to and executed by either.'

"The latter clause of the above quotation would seem to indicate that it was necessary that this writ should be directed to the successor in office to authorize him to make the sale; but, when what is therein stated is taken in connection with the rest of the section, it will be seen that such writ only issues for the purpose of compelling the sheriff to do that which he would otherwise have the power to do."

### After citing certain cases, the court continued:

"These cases furnish authority upon which we feel authorized to decide the question. Many of the courts which have held to the contrary were of the opinion that it would have been better if the practice had been for the new sheriff to complete the execution of the writ, and only founded their decisions to the contrary upon a practice which had grown up under the rule in England, in the states in which the decisions were made, or in those from which their practice was largely derived. Many cases of this kind could be cited, but we call attention to only one as furnishing sufficient illustration of the opinion of such courts. See *Fowble v. Rayberg*, 4 *Ohio* 45.

"We feel the more ready to adopt this rule, for the reason that to our mind the practice in England should have little or no weight in determining the practice here upon sales of real estate, for the reason that in England only personal property could be sold on execution."

### One of the judges in that case concurring said:

"I concur in the result, but do not wish to be understood as inferentially holding that any different rule should obtain in the case of a levy upon personal property."

We do not say that the new sheriff could not have made the sale in the instant case; that question is not before us.

It may be that the sale would be valid if made by either because the writ is not directed to any particular officer by name, but to the sheriff of the county.

Our decision is, that the sale in question made by the ex-sheriff, who received and partially executed the selling writ, was valid according to the great weight of authority.

We do not wish to be understood as holding, even inferentially, that the sale made in the present case would not be valid if the sheriff had done nothing more, while in office, than receive the writ commanding him to make the sale. The authorities we have seen have reference to cases where the sheriff to whom the writ was directed had made a levy on the property to be sold before his term expired. Manifestly, the decisions of courts have been influenced to some extent by the prevailing practice in the particular jurisdiction. In conformity with reason, we think a court might be warranted in holding that where a writ commanding a sheriff to sell real estate is received by him before his term has expired he may sell the property after the expiration of his term even though he has done nothing more in office than receive the writ. Such a decision would be consistent with what seems to have been the practice in certain parts of this state. While there would be no partial execution of the writ by levy, advertisement or otherwise, there would be a duty imposed on the sheriff by the command of his writ which would seem to be more controlling than the completion of a duty in part performed. If a sheriff out of office, is permitted to sell real property at all, it is reasonable and logical to believe that it is mainly because of the command he receives from the court when he receives the selling writ. The practice, under which the retiring sheriff hands over to his successor all unexecuted writs in his hands, may be a good one, but it would be reasonable to hold that either officer could execute such writs.

The motion of the defendant is, therefore, refused.

NOTE.—For the right of a late sheriff to sell, either goods and chattels, or lands and tenements, under a writ of *venditioni exponas,* when he has already levied on such property, see *Rev. Code* 1915, § 4356; *Lofland v. Jefferson,* 4 *Harr.* 303; *Woolley on Del. Prac.,* vol. 2, §§ 1054, 1116.