John Doe, on the demise of C. VAN NUIS WILKERSON, *v.* Richard Roe, Casual Ejector, and AUGUST CROPPER, tenant in possession.

(*December* 1, 1933.)

LAYTON, C. J., HARRINGTON, RICHARDS, RODNEY and REINHARDT, J. J., sitting.

*James H. Hughes* for plaintiff.

*John B. Hutton* for defendant.

Case heard by the Court in Banc on certification from the Superior Court for Kent County.

Action of Ejectment, No. 49, February Term, 1931.

LAYTON, C. J., delivering the opinion of the Court:

*Chapter* 84, *Vol.* 33, *Laws of Delaware*, creates the office of Receiver of Taxes and County Treasurer for Kent County, and defines the powers and duties incident to the office.

Under this Act, it is provided that no deed shall be made until the expiration of one year from the time of sale, within which time the taxable may redeem.

The Statute does not specifically provide whether the officer making the sale, or the incumbent of the office at the time the redemption period has passed, shall make the deed. The language of the Statute is,

"If it be approved, the Receiver of Taxes and County Treasurer shall make a deed to the purchaser which shall convey the title of the taxable, or of his alienee, as the case may be; if it be set aside, the Court may order another sale, and so on until the tax due be collected." *Section* 15.

The defendant contends that, under the statute, the proceeding for the sale of land for the collection of unpaid taxes is one continuous and connected procedure, and he relies upon the rule at common law relating to sales under execution process, which some authorities, by analogy, apply to sales of land by tax officers, that execution process is an entire thing, so that the officer who made the sale of the property must consummate it by making the deed.

This is the rule at common law with respect to sales of personal property under execution process.

In *Clerk v. Withers,* 1 *Salk.* 323, it was ruled that an execution

"is an entire thing and cannot be superseded after it is begun. * * * That the old Sheriff has not only authority but is bound and compellable to proceed in this execution, for the same person that begins an execution shall end it. * * *"

"That when the Sheriff had seized, he was compelled to return his writ, and made himself liable at all events (acts of God excepted) to answer the value of the goods according to his return, * * * and by the seizure, the property was divested out of the defendant, and in abeyance."

The defendant largely relies upon, and quotes extensively from *Taylor v. Forrest,* 96 *Md.* 529, 54 *A.* 111. This case is typical of the class of cases supporting the rule asserted by the defendant. It cites and relies upon *Duvall v. Perkins,* 77 *Md.* 589, 26 *A.* 1085, holding that without express statutory authority, a Sheriff is without power to complete an execution commenced by his predecessor, and that the successor of a Collector of Taxes has no greater authority than the successor of a Sheriff. *Duvall v. Perkins* cites and relies upon *Purl's Lessee v. Duvall,* 5 *Har. & J.* (*Md.*) 69, 9 *Am. Dec.* 490. This case holds that an execution being an entire thing, "he who begins it, must end it," and cites *Clerk v. Withers, supra.*

Supporting the same view are *Cummings v. Cummings* (*C. C.*), 91 *F.* 602; *Gavin v. Ashworth,* 77 *Ark.* 242, 91 *S. W.* 303; *Weyse v. Biedebach,* 86 *Cal. App.* 712, 261 *P.* 1086.

*Bellingall v. Duncan,* 3 *Gilman* (*Ill.*) 480, draws a distinction between the case of a levy on personal property, by which the Sheriff acquires a special property therein, and a case of a levy on real estate, in which case the land remains in the possession of the debtor, not only until sale, but until the redemption period has elapsed. This Court holds that there is no good reason why the sale should be confined exclusively to the Sheriff making the levy, but that there are forcible reasons why the successor should be permitted to make the sale, that is, the inconvenience arising from the death or removal from the bailiwick of the old Sheriff before he has sold the land.

This case expressly holds that a sale by either would be valid.

In *Lewis v. Bartlett,* 12 *Wash.* 212, 40 *P.* 934, 935, 50 *Am. St. Rep.* 885, the selling writ was issued to the Sheriff in office at the time but the sale was made by his successor in office. This Court also drew distinction between a levy on personal property and a levy on real estate, and observes that,

"Since the one who is in the actual possession of the office can best be held responsible for the proper discharge of its duties, the interests of all concerned would be best subserved by holding that he should complete the service of the execution which has been levied upon real estate."

A careful examination of this case would lead to the conclusion that the Court believed that a sale by either the old or new Sheriff would be valid.

*Davis v. Napolski,* 4 *W. W. Harr.* (34 *Del.*) 237, 151 *A.* 721, 722, presents this state of facts:

Mortgaged property was sold by an ex-sheriff who had received and partially executed the writ of *levari facias*

before his term of office expired. A motion was made to set aside the sale because it had been made by a person whose term of office, as Sheriff, had expired.

The Court refers to the common law rule that where a Sheriff has levied on personal property while in office, he must proceed to sell even though his term of office has expired, on the ground that he has acquired, by levy, a special property therein, and calls attention to the difference in the rulings in the several jurisdictions where the levy is upon real estate, some holding that there is no distinction, 24 *R. C. L.* 918, 919, and cases cited; others holding that the selling writ may be executed by either the old or the new Sheriff, 20 *Enc. Pl. & Pr.* 212, 213, and cases cited; and others holding that the sale must be made or completed by the new Sheriff.

The Court holds it to be "clear that a sheriff who is commanded to sell real estate under execution process has the right to make the sale after his term of office has expired if he actually performed a substantial part of his duty by seizing or levying on the property before the expiration of his term," but expressly declines to say that the new Sheriff could not have made the sale as that question was not before the Court.

Finally, the Court observes,

"The practice, under which the retiring sheriff hands over to his successor all unexecuted writs in his hands, may be a good one, but it would be reasonable to hold that either officer could execute such writs."

In *Freeman on Executions,* § 62, it is said,

"The better opinion is that, if a levy be made upon real estate, the officer levying the writ may, after the expiration of his term, complete the execution of the writ by a sale and conveyance, but that his powers in this respect are concurrent with those of his successor in office, and, therefore, that the *venditioni exponas* may properly be issued to and executed by either."

This power is conferred in this State directly by *Section 4356, Revised Code 1915.*

*Leshey v. Gardner,* 3 *Watts & S. (Pa.)* 314, 38 *Am. Dec.* 764, holds that the new Sheriff must execute an unexecuted writ of *venditioni exponas,* received from his predecessor, and make a conveyance to the purchaser.

For other authorities in this connection, see *Bank of Tenn. v. Beatty,* 3 *Sneed (Tenn.)* 305, 65 *Am. Dec.* 58; *Holmes v. McIndoe,* 20 *Wis.* 657; *Sumner v. Moore,* 2 *McLean* 59, *Fed. Cas. No.* 13610; *Tarkinton v. Alexander,* 19 *N. C.* (2 *Dev. & B.*) 87; *note* to *Tukey v. Smith,* 36 *Am. Dec.* 704.

In our opinion, the application of the technical and artificial common law rule relating to sales of personal property under execution process to sales of land for the collection of taxes would be contrary to the best interests of the public.

It is of importance that the public revenue be collected promptly, and bidders at tax sales are certainly not to be discouraged. Under the statute before us, it is manifest that a sale of real estate made by a Receiver of Taxes and County Treasurer during the last year of his term, cannot be consummated by deed until after the expiration of the term. Furthermore, a Receiver of Taxes and County Treasurer is not eligible for immediate re-election so that at the time the redemption period has passed with respect to a sale made during the last year of a term of office, another and different person must be the incumbent.

Citizens of the County know where the office of Receiver of Taxes and County Treasurer is, and there the officer may be found at all times. There the records affording all information are kept, and there is the natural and logical place for the purchasers at tax sales to apply for tax deeds. If the contention of the defendant is followed, the purchaser is put to possible expense, trouble and delay, in finding the officer who, in fact, made the sale, and arranging with him for the execution and delivery of the

deed. Such person may have died, have become disqualified, or may have removed from the County.

Unless, therefore, there is peremptory reason, arising either out of the phraseology of the statute itself, or from preponderance of decisional authority, we are inclined to hold that, under the original statute, the incumbent of the office may lawfully make a deed for property sold by his predecessor in office.

Now, the language of the statute manifestly does not compel to the conclusion urged by the defendant. The language of the statute is, "If it be approved, the Receiver of Taxes and County Treasurer shall make a deed to the purchaser; * * *" and there is ample authority supporting the holding that the incumbent of the office is the proper person to make the deed.

In 27 *A. & E.* (*2d Ed.*) 962, it is said:

"Since the power to convey exists by virtue of official status alone, the deed should be executed by the incumbent of the office at the time of conveyance, and not by the officer who made the sale, if he is no longer the incumbent."

In *Cuttle v. Brockway*, 32 *Pa.* (8 *Casey*) 49, a County Treasurer made sale of lands for unpaid taxes, and after the expiration of his term of office, he made a deed as ex-treasurer for the lands so sold by him. The Court said,

"But was Coleman's (the ex-treasurer) conveyance to the county valid? It seems that he went out of office on the third day of January, 1848,"

and that his successor duly qualified on the fifth day of January, 1848.

"Now what power had Coleman to perform an official act on the fifth day of January, 1848? He was *functus officio* on that day, as much as he was a month or a year thereafter. He could no more sell and convey than a dead man. * * * His act was simply null and void."

This decision was approved by Judge Sharswood, in *Hoffman v. Bell*, 61 *Pa.* 444, who said in speaking of a deed made after the expiration of the term of office,

"It is not irregularity only; it is as though no deed whatever had been executed."

In *Meriwether v. Overly*, 228 *Mo.* 218, 129 *S. W.* 1, 10, the language of the statute was,

"A deed shall be given at the end of one year from the date of said sale by the sheriff to the holder of said certificate."

The Court said,

"In our opinion this language contemplates that the deed shall be made by the sheriff in office at the time it is made. ＊ ＊ ＊ ·

"The language does not vest the title in the sheriff; it simply vests the officer with a power, and that power is to be executed by the sheriff in office at the time it is exercised. The power pertains to the office, and not to the man."

In *Marx v. Hanthorn* (*C. C.*), 30 *F.* 579, 582, the Court in holding that a tax deed made by an ex-sheriff was unauthorized and void and that the incumbent should make the deed, cites *Moore v. Willamette Transportation & Locks Co.*, 7 *Or.* 359; and quotes from the language of the Judge in that case,

That "such construction of the statute ＊ ＊ ＊ will establish a rule most convenient to the parties; for the sheriff in office can always be found, as his official duties require his presence in the county, while the former sheriff may die, be disqualified, or remove from the county."

*Conger v. Converse*, 9 *Iowa* 554, and *Armstead v. Jones*, 71 *Kan.* 142, 80 *P.* 56, arise under statutes relating to sales by Sheriff under execution process. The statutes did not indicate whether the Sheriff who made the sale and return, or the Sheriff in office at the time the deed could be given, was the person to make the deed. The Iowa Court held that, the term "Sheriff" applied to the office and not to the person, and that when the purchaser produced the certificate entitling him to a deed, the person in office should make the deed.

The Kansas Court adopted the construction of the Iowa Court, the Kansas statute being similar to the Iowa statute.

In *Bestor v. Powell*, 2 *Gilman* (*Ill.*) 119, it appears that there was a statute of Illinois providing that after the

expiration of two years from the date of sale of land for taxes, the Sheriff was authorized to execute a deed for land unredeemed. The successor of the Sheriff who made the sale executed the deed. At the time of making deed, there was a statute allowing the successor of the Sheriff or other officer who made sales of real estate to execute deeds, but this statute did not in express terms include deeds made by Sheriffs on sales for taxes. The Court said that the making of a deed was "an official Act, connected with the office, and not a personal trust reposed in the man," and held that a deed by either the officer making the sale or by his successor in office would be good and valid under the statute.

*Taylor v. Allen,* 67 *N. C.* 346, decided before the enactment of a statute to the contrary, holds that the incumbent at the time of conveyance is the proper person to make the deed.

After all, is the making of the deed by the statute anything but a ministerial act which is to be performed by the incumbent of the office?

The defendant further contends that the Legislature, having by a later statute, *Volume* 37, *Chap.* 105, amended the original act by requiring directly the officer making the sale to make the deed, the principle of statutory construction is applicable that, in construing an amendatory act, the Court will seek the intention of the Legislature by looking to the occasion and necessity for the law and the circumstances under which it was enacted, the mischief to be remedied, the object to be obtained by looking to the old law on the subject, and the remedy in view, citing *Continental Guaranty Corporation v. People's Bus Line,* 1 *W. W. Harr.* (31 *Del.*) 595, 117 *A.* 275.

We are unable to see the applicability of this rule. We are not construing the amendatory act. It is plain and clear and needs no construction. By it the officer making the

sale is required to make the deed. There is nothing in the amendatory act which suggests that its enactment was to clarify obscure or doubtful language in the original act; nothing to indicate any legislative purpose or intention except to change the existing law; therefore, we may fairly indulge in the presumption that the Legislature, in adopting the amendment, intended to make some change in the existing law. 59 *C. J.* 1097, and cases cited.

And we are the more inclined to this presumption for the reason that it is stated in the brief of argument of the plaintiff, and not denied by the defendant, that the practice under the original act was for the incumbent to make the deed, although the sale and return were made by the predecessor in office.

The fact that this course was followed in the case before the Court is indicative of such practice.

The practical construction given doubtful statutes by officers whose duty it is to execute the statutes is entitled to weight. 2 *Sutherland, Stat. Cons.* 474.

Therefore, we hold that the Legislature, in enacting the amendatory statute of 1931, intended to change, and did change, the original act by requiring the officer who made the sale to make the deed.

Therefore, in conformity with what we think is a rational and practical view of the statute, we hold that under *Chapter* 84, *Vol.* 33, Robert Frank Thomas, Receiver of Taxes and County Treasurer on September 19, 1929, was authorized and empowered to execute and deliver the deed in question to the plaintiff, and that such deed is admissible in evidence in support of his claim of title.